UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT H. FINCH,

    Plaintiff,

v.

PULTE HOMES, INC. (now known as PulteGroup, Inc.), BRUCE ROBINSON, and JOHN DOES 1-10,

    Defendants.
_____/

Case No. 11-11301

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 5, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On December 10, 2010, Scott Finch ("Plaintiff") filed this *pro se* action in Oakland County Circuit Court, alleging that Pulte Homes, Inc. ("Pulte"), Bruce Robinson, and ten unidentified Pulte officers violated his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* Presently before the Court is Pulte's motion to dismiss the Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Plaintiff's motion to amend the Complaint. These matters have been fully briefed, and on May 12, 2011, the Court indicated to the parties that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the

reasons stated below, the Court denies Plaintiff's motion to amend and grants Pulte's motion to dismiss.

## I. Factual and Procedural Background

Pulte hired Plaintiff to the position of Assistant Treasurer in April 2007, reporting directly to Treasurer Bruce Robinson. Later that year, Robinson apparently indicated to Plaintiff that the Treasury Department would need to terminate one of its employees. Robinson allegedly told Plaintiff that if additional terminations were necessary in the Treasury Department, another employee named Carol Bolterstein would be laid off instead of Plaintiff. Proposed Am. Compl. ¶ 17.

Sometime during August 2008, Plaintiff noticed a lump on his lower back. Plaintiff consulted a physician, who ordered testing to assist in making a diagnosis. On September 8, 2008, Plaintiff had a test performed on the lump. His physician recommended removal of the lump as a precautionary measure, stating that it was potentially cancerous. Plaintiff was told that post-operative recovery could take up to a week, and physical therapy was recommended to prevent further injury to his back or spine.

Plaintiff soon approached Robinson and relayed the information that his physicians had given him. Plaintiff claims that he told Robinson that he needed to begin therapy and would likely require surgery in the near future. *Id.* ¶ 22. Plaintiff allegedly mentioned that cancer was a possible diagnosis, although additional testing was necessary. *Id.* Plaintiff allegedly informed Robinson that the surgery and therapy would require "some days out of the office." *Id.* Robinson told Plaintiff to "do what was necessary to take care of it." *Id.*

Around this same time, Robinson allegedly informed Plaintiff that another Treasury

2

employee, Mary Birch, would be taking some time off due to issues with raising an autistic child. *Id.* ¶ 24. Birch reported to one of Plaintiff's subordinates.

Plaintiff took two business-related trips to Dallas and Phoenix, and claims that because of these trips and his workload, he was unable to schedule his physical therapy sessions until November 2008. *Id.* ¶ 34. Plaintiff began physical therapy on November 26, 2008. Plaintiff claims that during December of that year, he was asked to cancel an upcoming physical therapy session "to attend to work needs in the office." *Id.* ¶ 36.

On December 10, 2008, Robinson allegedly consulted with the unidentified Pulte officers and then informed Plaintiff that his employment would be terminated effective December 12, 2008.

Plaintiff filed this suit on December 10, 2010 in Oakland County Circuit Court, asserting that Defendants violated his FMLA rights. Pulte removed the suit to this Court and subsequently filed its motion to dismiss the Complaint. Plaintiff responded to the motion, arguing that his pleading was sufficient to state a claim. Plaintiff has also moved to amend his Complaint, submitting a Proposed Amended Complaint containing additional facts as well as a claim under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), Michigan Compiled Laws § 37.2101 *et seq.*

## II. Standards of Review

A party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's written consent or the court's leave, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

3

Courts have discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The parties have devoted considerable attention to contesting the pleading standard that a plaintiff's complaint must satisfy to survive a motion to dismiss pursuant to Rule 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This

standard applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

Plaintiff moved to amend his Complaint more than twenty-one days after Pulte filed its motion to dismiss, and Pulte has opposed his motion to amend. Thus, Plaintiff may amend his Complaint only with leave of the Court. Pulte argues that amendment would be futile because even Plaintiff's Proposed Amended Complaint fails to state a claim. The Court therefore evaluates each of Plaintiff's claims under the standard of Rule 12(b)(6).

**A. Plaintiff's FMLA Claim**

The Sixth Circuit recognizes two distinct theories of recovery under the FMLA. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007). The "interference" theory

prohibits an employer's interference with an employee's exercise of FMLA rights. *Id.* The "retaliation" theory prohibits discharge of or discrimination against an employee for "opposing any practice made unlawful by" the statute. *Id.* It is unclear which theory Plaintiff relies upon, but the Court concludes that his allegations fail to state a plausible claim under either theory.

**1. Interference Theory**

"To prevail on an interference claim, a plaintiff must establish that (1) he is an 'eligible employee;' (2) the defendant is an 'employer;' (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled." *Cavin v. Honda of Am. Mfg.*, 346 F.3d 713, 719 (6th Cir. 2003) (citations omitted). Pulte argues that Plaintiff has not pleaded facts sufficient to establish that he was an eligible employee entitled to FMLA leave or that he gave notice of his intention to take protected leave.

Under the FMLA, an employee is entitled to leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). "Serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves - (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The FMLA regulations define "inpatient care" as "an overnight stay in a hospital, hospice, or residential medical care facility." 29 C.F.R. § 825.114. "Continuing treatment" refers to "[a] period of incapacity of more than

6

three consecutive, full calendar days." 29 C.F.R. § 825.115(a). A person is incapacitated if he is unable to work or perform other regular daily activities due to a serious health condition. 29 C.F.R. § 825.113(b).

Plaintiff claims that he suffered from an unspecified medical condition, but he fails to allege that his condition required an overnight stay in a hospital or medical care facility. Plaintiff also fails to allege that his condition prevented him from working or performing other daily activities for a period of three consecutive days. The Court concludes that Plaintiff has not pleaded facts sufficient to constitute either "inpatient care" or "continuing treatment" within the meaning of the statute. Plaintiff's allegations therefore fail to establish that he was entitled to FMLA leave due to a "serious health condition."

Pulte also contends that Plaintiff has not pleaded facts sufficient to establish notice of his intention to take protected leave. "[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998). "While the employee need not actually mention the FMLA by name, 'the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.'" *Id.* (quoting *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995)). While Plaintiff asserts that he was asked to cancel a scheduled physical therapy session, an attempt to take leave is not protected unless a "serious medical condition" is shown. *See Bauer v. Varity Dayton-Walther Corp.*, 118 F.3d 1109, 1113 n.5 (6th Cir. 1997). Thus, even the scheduling of physical therapy did not invoke FMLA protections. The Court is unaware of any other request by Plaintiff to take

7

time off from work due to his medical condition.

Because Plaintiff's allegations fail to establish that he was entitled to FMLA leave or made a request for protected leave, the Court concludes that he has not stated a plausible FMLA interference claim.

**2. Retaliation Theory**

Absent direct evidence of unlawful conduct, FMLA-retaliation claims are evaluated under a tripartite burden-shifting framework. *Bryson*, 498 F.3d at 570 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973)). "At the outset, 'the plaintiff's burden is merely to present evidence from which a reasonable jury could conclude that the plaintiff suffered an adverse employment action under circumstances which give rise to an inference of unlawful discrimination.'" *Id.* (quoting *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 364 (6th Cir. 2007). If the plaintiff is able to establish a prima facie of retaliation, "the burden shifts to the defendant to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action." *Id.* "If the defendant succeeds, the burden shifts back to the plaintiff to show that the defendant's proffered reason is a pretext for unlawful discrimination." *Id.*

A plaintiff may satisfy his prima facie case of retaliation under the FMLA by showing that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Id.* (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001)). As noted above, Plaintiff fails to allege facts sufficient to find that he invoked the statute's protections. Even if Plaintiff had

8

engaged in protected activity, he has failed to set forth facts from which the Court could infer a causal connection between that activity and his termination.  Plaintiff makes only the conclusory assertion that Pulte "us[ed] his condition as a negative factor in both assigning additional work and ultimately in terminating [his] employment."  Proposed Am. Compl. ¶ 38.  The Court cannot infer causation absent factual support.  Furthermore, as Pulte correctly notes, the FMLA protects an employee from adverse action as a result of his *taking leave* for a serious medical condition, not from adverse action motivated by the condition itself.  *See Chandler v. Specialty Tires of Am. (Tenn.), Inc.*, 283 F.3d 818, 825 (6th Cir. 2002).  Plaintiff has failed to establish a prima facie case of retaliation.

Even if Plaintiff could make his prima facie case, his allegations state a legitimate, non-discriminatory explanation for the adverse employment action.  Plaintiff alleges that due to a crisis in subprime mortgage lending, Pulte began reducing its workforce.  Proposed Am. Compl. ¶¶ 14-15.  He also notes that Pulte abandoned a stock offering that would have provided it with financing because of "concerns over pricing, market conditions, demand, and the impact of dilution upon various shareholders."  *Id.* ¶ 29.  Plaintiff's allegations suggest that his termination may have been the result of challenging business conditions, rather than retaliation for taking FMLA-protected leave.  The Court therefore cannot conclude that Plaintiff has stated a plausible FMLA-retaliation claim.

**B. Plaintiff's ELCRA Claim**

An employee asserting a claim of discrimination under the ELCRA may offer either direct or circumstantial evidence of such discrimination.  *In re Rodriguez*, 487 F.3d 1001, 1007 (6th Cir. 2007).  "[D]irect evidence is that evidence which, if believed, requires the

9

conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Plaintiff has not presented such evidence here, and instead asserts his claim based on circumstantial evidence. Where a plaintiff asserts a claim under the ELCRA based on circumstantial evidence, the Court applies the *McDonnell Douglas* burden-shifting framework. *Rodriguez*, 487 F.3d at 1007. To establish his prima facie case, the plaintiff must show that: "'(1) he [] was a member of a protected class; (2) he [] suffered an adverse employment action; (3) he [] was qualified for the position; and (4) he [] was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees.'" *Ford v. Securitas Sec. Servs. USA, Inc.*, 338 F. App'x 483, 486 (6th Cir. 2009) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)). "If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory rationale for the adverse employment action." *Rodriguez*, 487 F.3d at 1008. "Once the employer does so, the burden shifts back to the plaintiff to demonstrate that the articulated reason is a mere pretext for discrimination." *Id.*

Plaintiff alleges that Pulte treated him differently than other employees who had "similar family and medical issues." Proposed Am. Compl. ¶ 40. Pulte contends that Plaintiff's claim fails because has not pointed to any similarly situated employees. In order for another employee to be considered similarly situated, all of the relevant aspects of his or her employment situation must be nearly identical. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). Courts in the Eastern District of

Michigan have restated this standard in more specific terms:

> To be deemed "similarly-situated," the individuals with whom the plaintiff seeks to compare his treatment must have dealt with the same supervisor, have been assigned the same employment related responsibilities, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

*Nishi v. Siemens AG*, 290 F. Supp. 2d 772, 782 (E.D. Mich. 2003).

Plaintiff identifies Mary Birch as a similarly situated employee, but his allegations undermine the suggested comparison. Birch was apparently two levels below Plaintiff in the organization, as her supervisor reported to Plaintiff. Proposed Am. Compl. ¶ 24. Plaintiff fails to elaborate on Birch's job duties, and states only that she was an employee in Pulte's Treasury Department. Based on the facts pleaded, the Court cannot see any basis upon which it could be said that Plaintiff and Birch were nearly identical in the relevant aspects of their employment. Because Plaintiff has not identified a similarly situated employee who was treated differently, he has failed to establish his prima facie case of discrimination under the ELCRA.

### IV. Conclusion

Plaintiff's Proposed Amended Complaint fails to set forth a plausible claim under either the FMLA or ELCRA. The Court therefore concludes that leave to amend would be futile, and Plaintiff's motion to amend must be denied. Because the original Complaint suffers from the same deficiencies, the Court concludes that Pulte's motion to dismiss must be granted.

The Court notes that the motion to dismiss was brought only on behalf of Pulte.

However, it does not appear that the remaining Defendants have been served with the Summons and Complaint within 120 days as required by Federal Rule of Civil Procedure 4. "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court therefore directs Plaintiff to show cause in writing why this action should not be dismissed without prejudice as to the remaining Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend is **DENIED**;

**IT IS FURTHER ORDERED** that Pulte's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**, and Defendant Pulte is **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff show cause in writing within fifteen (15) days why this action should not be dismissed without prejudice as to the remaining Defendants.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Adam J. Wienner, Esq.

Scott H. Finch
3592 Joe Marks Trail
Kewadin, MI 49648